IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In re: | ) |
| | ) Chapter 7 |
| RAINEER SCHEMMEL, | ) |
| | ) Case No. 25-11171-djb |
| Debtor. | ) |
| | ) |

**STIPULATION REGARDING NONDISCHARGEABILITY
OF CERTAIN DEBT UNDER 11 U.S.C. § 523**

1. **Parties and Jurisdiction**

The parties to this Stipulation are the above-captioned Debtor, Raineer Schemmel ("Debtor"), and SMR, Inc., Triumph Acquisitions 3, LLC, and James N. Gaither (collectively, "Movants"). This Court has jurisdiction under 28 U.S.C. §§ 157(b)(2)(I) & 1334 and retains authority to approve this Stipulation and enter the accompanying Consent Judgment.

2. **Background Facts (Undisputed for Purposes of this Stipulation)**

Prior to the March 27, 2025 Petition Date, Debtor withdrew funds and caused other losses to Movants, giving rise to claims totaling in excess of **$278,868.49** (the "Debt").

The Debtor disputes liability for fraud, willful misconduct, or fiduciary breach but acknowledges that settlement on the terms below is in the Parties' mutual interest and avoids further litigation expense.

The Debt consists of:

- An April 2024 distribution – $80,487.10

- Working capital distribution – $87,966.05

- Metropolitan Funding Group allocated interest – $110,415.34

- **Total** = $278,868.49

3. **Stipulation of Nondischargeability**

The parties stipulate and agree that the Debt is nondischargeable pursuant to 11 U.S.C. § 523(a)(2) (money obtained by false pretenses), and/or § 523(a)(4) (defalcation while acting in a fiduciary capacity), and/or § 523(a)(6) (willful and malicious injury). Entry of the Consent Judgment, attached hereto as **Exhibit A**, shall fully adjudicate the nondischargeability of the Debt in this bankruptcy case. Lastly, Debtor makes no admission of wrongdoing; his consent is solely to resolve the dispute. Movants reserve all collection remedies available under non-bankruptcy law.

4. **Entry of Consent Judgment**

Contemporaneous with the filing of this Stipulation, the Parties shall submit the Proposed Consent Judgment (**Exhibit A**) for the Court's approval. Upon entry, the Consent Judgment shall constitute a final and enforceable judgment of this Court.

5. **Waiver of Additional Claims**

In consideration of the Stipulation of Nondischargeability, Movants agree to waive all other claims, damages, penalties, or interest not encompassed within, or specifically related to the Debt or this Stipulation of Nondischargeability. Movants further agree not to pursue any additional actions under §§ 523 or 727 regarding the conduct addressed herein. Notwithstanding these mutual waivers, Movants expressly reserve the right to pursue all lawful means of judgment and collection-whether in state or federal courts-on the nondischargeable Debt and the Stipulation of Nondischargability, including but not limited to, pursuit of judgment, collection, garnishments, liens, or indemnification claims.

6. **Collection and Enforcement**

Following the Debtor's discharge under 11 U.S.C. § 523, Movants may exercise any lawful collection rights with respect to the Debt and this Stipulation of Nondischargeability, subject to applicable non-bankruptcy law.

7. **Effect on Extension Motion**

Within five (5) days after the Court enters the Consent Judgment, Movants shall file a notice withdrawing their pending Motion to Extend Deadlines (ECF No. 12).

8. **Confidentiality.**

The Parties agree that all undisclosed terms and documents relating to the Step-Down Agreement, this Stipulation of Nondischargability, and the above-captioned bankruptcy case shall remain confidential and will not be publicly disclosed. Notwithstanding, the Parties agree and acknowledge that the Step-Down Agreement and the above-captioned bankruptcy case has already been shared with Byline Bank, Steven Rothenberg and counsel Craig Peters, Esq. and several SMR employees and contractors. No further disclosures shall be made, except as required by: (i) the Bankruptcy Court or other judicial process; (ii) to comply with applicable law or regulation (including withholding or reporting requirements); (iii) to report to any federal, state, or local governmental authority; or (iv) to their respective professional advisors (including lenders such as Byline Bank, accountant, tax, or legal counsel).

9. **Non-Disparagement.**

From the date of this Stipulation forward, each Party agrees that in connection with this bankruptcy case and the settlement only, neither will make any false, misleading, or defamatory statements about the other, the Step-Down Agreement, or this Stipulation of Nondischargability. This non-disparagement obligation does not apply to:

a. truthful statements made in judicial or administrative filings or proceedings;

b. disclosures required by law, regulation, or governmental authorities;

c. communications with lenders (e.g. Byline Bank) or their advisors; or

d. factual statements already made prior to the date of this agreement, or statements to be made in furtherance of a business purpose, such as for internal or external accounting requirements, etc.

10. **Tax Reporting**

The Parties agree that each party shall be responsible for its own tax reporting concerning this Stipulation of Nondischargability and make no other representations, promises, or warranties in this regard.

11. **Entire Agreement; Modification**

This Stipulation contains the entire agreement of the Parties as to nondischargeability and may be modified only by a written instrument signed by all parties and approved by this Court.

IN WITNESS THEREOF, the parties hereto, through their duly authorized counsel, have executed this Stipulation as of the dates set forth below.

Dated: July 24, 2025

Respectfully submitted,

<u>/s/ Ronald S. Gellert</u>  
Ronald S. Gellert (PA 80783)  
901 Market Street, Suite 3020  
3rd Floor  
Philadelphia, PA 19107  
Telephone: (302) 425-5800  
Facsimile: (302) 425-5814  
Email: rgellert@gsbblaw.com  
*Counsel to SMR, Inc. t/a*  
    *Talk of the Town*

<u>/s/ Stephen M. Dunne</u>  
Stephen M. Dunne, Esquire  
Dunne Law Offices, P.C.  
1515 Market Street, Suite 1200  
Philadelphia, PA 19102  
(215) 551-7109 (Telephone)  
stephen@dunnelawoffices.com  
*Attorney for Debtor*

# **EXHIBIT A**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In re: | ) |
| | ) Chapter 7 |
| RAINEER SCHEMMEL, | ) |
| | ) Case No. 25-11171-djb |
| Debtor. | ) |
| | ) |

**CONSENT JUDGMENT OF NONDISCHARGABLE DEBT**

Upon consideration of the Stipulation Regarding Nondischargeability (the "Stipulation")(D.I. **20**), and the consent of all parties thereto, it is hereby **ORDERED** that:

1. The Stipulation is **APPROVED** in its entirety, and it is further **ORDERED** that

2. Judgment of non-dischargeability pursuant to 11 U.S.C. §§ 523(a)(2), (a)(4) and (a)(6) is entered in favor of SMR, Inc. d/b/a Talk of the Town, Triumph Acquisitions 3, LLC, and James N. Gaither (collectively, "Movants") and against Debtor Raineer Schemmel in the principal amount of Two Hundred Seventy-Eight Thousand Eight Hundred Sixty-Eight Dollars and Forty-Nine Cents ($278,868.49)(the "Judgment Amount"); and it is further **ORDERED** that

3. The Judgment Amount shall not be discharged in Debtor's Chapter 7 case or any subsequent bankruptcy proceeding.

4. Following Debtor's entry of discharge under 11 U.S.C. § 727, Movants may pursue any collection remedies permitted by applicable non-bankruptcy law; and it is further **ORDERED** that

5. This Court retains jurisdiction to interpret, implement, and enforce this Judgment and the underlying Stipulation.

Dated: __**August 4, 2025**__ 2025

_____
HONORABLE Derek J. Baker
United States Bankruptcy Judge

Copies to:

Ronald S. Gellert (PA 80783)
901 Market Street, Suite 3020
3rd Floor
Philadelphia, PA 19107
Telephone: (302) 425-5800
Facsimile:  (302) 425-5814
Email: rgellert@gsbblaw.com
*Counsel to SMR, Inc. t/a Talk of the Town*

Stephen M. Dunne, Esquire
Dunne Law Offices, P.C.
1515 Market Street, Suite 1200
Philadelphia, PA 19102
(215) 551-7109 (Telephone)
stephen@dunnelawoffices.com
*Counsel for Debtor*

2